Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BRYAN CASTILLO MORALES, | Case No.: **24 CV 177** |
| Plaintiff, | |
| -against- | **COMPLAINT in an FLSA ACTION** |
| BEYTI KEBAB, INC.; and SEDICK CICEK, individually, | Jury Trial Demand |
| Defendants. | ECF Case |

---

Plaintiff, Bryan Castillo Morales ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, Beyti Kebab, Inc., *doing business as* Beyti Kebab Restaurant, (herein, "Beyti Kebab"), located at 414 Brighton Beach Avenue, Brooklyn, New York 112352; and Sedick Cicek, individually (defendants collectively referred to herein as the "Defendants"), and states as follows:

### INTRODUCTION

1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### *THE PLAINTIFF*

5. Plaintiff is an adult resident of Kings County, New York.

6. Plaintiff was an employee of "Beyti Kebab", or corporate entities doing business as Beyti Kebab Restaurant, located at 414 Brighton Beach Avenue, Brooklyn, New York 11235.

7. Plaintiff Bryan Castillo Morales, worked as a baker for Beyti Kebab, through its corporate entities, and directly for Sedick Cicek, beginning in February 2019, through January 3, 2024, without interruption.

### *THE DEFENDANTS*

8. At relevant times, Defendant, Beyti Kebab Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, located at 414 Brighton Beach Avenue, Brooklyn, New York 112352.

9. Defendant Sedick Cicek has been and is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant, Beyti Kebab Inc., who actively participated, and continues to participate in the day-to-day operations of the corporations, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Beyti Kebab Inc.

10. The individual defendant Sedick Cicek, exercised control over the terms and conditions of Plaintiff's employment in that has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of his employees' employment.

11. At all times relevant to this action, Defendant Sedick Cicek, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

12. Defendant Sedick Cicek exercised sufficient control over Beyti Kebab Inc.'s day-to-day operations as to be considered an employer of the Plaintiff, under the FLSA and New York Labor Law.

13. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on

goods or materials that have been moved in or produced for commerce, and (ii) has had an annual gross volume of sales of not less than $500,000.

14. At all relevant times, Beyti Kebab was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. Defendants employed Plaintiff in Kings County, New York (Brooklyn), as baker.

16. The work performed by Plaintiff was directly essential to the restaurant business operated by the corporate and individual Defendants.

17. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully.

## STATEMENT OF FACTS

20. Bryan Caastillo Morales, was employed by Defendants in Kings County, New York, as a baker at Defendants' restaurant known as "Beyti Kebab", beginning in February 2019 through January 3, 2023.

21. During his employment, Plaintiff worked over forty (40) hours per week.

22. Throughout his employment, Plaintiff worked six (6) days per week. He was scheduled to work 9:00 a.m. to 9:00 p.m.; during one (1) year, he received a one (1) hour break in the afternoon.

23. Plaintiff worked twelve (12) hours per shift for a total of approximately seventy-two (72) working hours per week.

24. Plaintiff was paid a weekly salary of seven hundred dollars ($700.00) for the first two (2) years of his employment, and he was then given a raise to one thousand dollars ($1000.00) per week for the remainder of his employment.

25. Plaintiff Bryan Castillo Morales was not paid hourly or for all hours worked, and he was not paid "overtime compensation" at time and a half the applicable minimum wage.

26. During most of his employment, Plaintiff Bryan Castillo Morales was paid partly by check and partly by cash. During the first year, he was paid only cash.

27. Plaintiff worked directly for the corporate and individual Defendants.

28. Plaintiff was paid a weekly salary not based on his actual working hours; his pay equated to less than the applicable minimum wage, and he was not paid an overtime premium, as required by Federal and State law.

29. At all times throughout his employment, work performed above forty (40) hours per week was not paid at time and one-half the applicable minimum wage, as required by state and federal law.

30. Plaintiff was not provided with true and accurate wage statements, detailing his hours worked, hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay.

31. Plaintiff was not given an accurate receipt or wage statement with his weekly compensation.

32. Plaintiff was not a tipped worker.

33. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State minimum wage or overtime rate (of time and one-half) to Plaintiff for work performed over forty (40) hours in a workweek.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

34. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "33" of this Complaint as if fully set forth herein.

35. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

37. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

38. Plaintiff worked hours for which he was not paid minimum wages.

39. Plaintiff was entitled to be paid at the rate of time and one-half the applicable minimum wage, or his regular rate of pay when higher than the applicable minimum wage, for hours worked in excess of forty (40) each workweek.

40. The Defendants failed to pay Plaintiff wages for all hours worked, minimum wages, and overtime compensation, at all relevant times, in the lawful amount for all hours worked.

41.     At all relevant times, the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

42.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

43.     The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiff and other employees, sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

44.     Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be false or inaccurate.

45.     Defendants failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

46.     As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

47.     Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

50. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay minimum wages in the lawful amount for all hours worked.

51. The corporate and individual Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

52. Each of the Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums for each day he worked in excess of ten (10) pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

53. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages; unpaid overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

54. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

56. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

57. Defendants did not provide Plaintiff, with an accurate written statement properly accounting for his actual hours worked, and setting forth his true hourly rate of pay, regular wages, and/or overtime wages.

58. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

59. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

60. Plaintiff was not provided with true and accurate wage statements as required by law.

61. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

62. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide him with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

63. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, respectfully request that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(g) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
      January 9, 2024

                Respectfully submitted,

                CILENTI & COOPER, PLLC
                **Counsel for Plaintiff**
                60 East 42nd Street – 40th Floor
                New York, NY 10165
                Telephone  (212) 209-3933
                Facsimile   (212) 209-7102
                pcooper@jcpclaw.com

By: _____
        Peter Hans Cooper  (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER LIABILITY FOR SERVICES RENDERED

To:   Sedick Cicek

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Bryan Castillo Morales intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders Beyti Kebab Inc., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       January 9, 2024

                                        Respectfully submitted,

                              By:       _____
                                        Peter H. Cooper  (PHC 4714)

                                        CILENTI & COOPER, PLLC
                                        **Counsel for Plaintiff**
                                        60 East 42nd Street – 40th Floor
                                        New York, NY 10165
                                        Telephone  (212) 209-3933
                                        Facsimile (212) 209-7102
                                        E-mail: pcooper@jcpclaw.com

12

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, *Bryan O. Castillo*, am an employee currently or formerly employed by *Beyti Kebab*, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.

Dated: New York, New York
January 9, 2024

*[signature]*